IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BAODING TIANWEI GROUP CO., LTD., a foreign entity,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFICORP, an Oregon corporation,<br><br>    Defendant.<br>_____<br>PACIFICORP, an Oregon corporation,<br><br>  Third Party Plaintiff,<br><br>  v.<br><br>WINBO INTERNATIONAL CORPORATION, a California corporation, and SUPER POWER EQUIPMENT CO., a California corporation,<br><br>  Third Party Defendant.<br>_____<br>SUPER POWER EQUIPMENT CO., WINBO INTERNATIONAL CORPORATION,<br><br>  Counterclaimants,<br><br>  v. | No. CV 07-862-HU<br><br>OPINION AND<br>   ORDER |

OPINION AND ORDER Page 1

```
BAODING TIANWEI GROUP CO.,    )
                              )
     Counter Defendant.       )
_____)
```

Renee R. Stineman
John R. Barhoum
Dunn Carney Allen Higgins & Tongue
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204
    Attorneys for Baoding Tianwei Group

R. Scott Douglas
David Ismay
Farella Braun + Martel
235 Montgomery Street, 17th Floor
San Francisco, California 94104

Angela M. Otto
Stewart Sokol & Gray
2300 S.W. First Avenue, Suite 200
Portland, Oregon 97201
    Attorneys for Winbo International, Super Power Equipment

HUBEL, Magistrate Judge:

The matters before the court are the motion by Baoding Tianwei Group (Baoding) to lift the stay imposed by the court on September 10, 2008 (doc. #109), pursuant to granting a motion by counterclaimants to compel arbitration, and the motion by Super Power Equipment (Super Power) under Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss its claims against Baoding without prejudice (doc. #115).

## Procedural Background

Baoding filed this action on June 11, 2007, against Pacificorp, alleging that Pacificorp had not paid in full for two electrical transformers purchased from Baoding and asserting claims for breach of contract. On October 19, 2007, the court granted Pacificorp's motion to join Winbo International Corporation (Winbo)

OPINION AND ORDER Page 2

and Superpower Equipment Company (Super Power) as defendants (doc. # 28). On March 14, 2008, Winbo and Super Power filed counterclaims against Baoding for breach of contract, contribution, indemnity and declaratory relief. (Doc. # 43). On the same day, Winbo and Super Power filed a motion to stay and compel arbitration. (Doc. # 44). On March 28, 2008, Pacificorp filed a motion for summary judgment. (Doc. # 49). On April 10, 2008, while the motion to stay was pending, Baoding filed a reply to Winbo and Superpower's answer and counterclaims, but did not assert any claims against them, instead reserving all such claims. (Doc. # 64).

In an Opinion and Order entered on September 10, 2008, the court granted Pacificorp's motion for summary judgment, holding that there was no issue of fact to be resolved and Pacificorp had met its obligations to Baoding. (Doc. # 94). In the same Opinion and Order, the court also granted Super Power's motion to stay the action and compel arbitration, based on an agreement between Baoding and Super Power to arbitrate the disputes between them by referring such disputes to the Chinese International Economic and Trade Arbitration Commission. <u>Id.</u> On December 4, 2008, the court entered an order staying Super Power's claims against Baoding, the only claims left in this case, pending arbitration (doc. #98).

Since entry of the Opinion and Order of September 10, 2008, neither Baoding, nor Super Power has commenced arbitration proceedings.

**Discussion**

Baoding now moves the court to lift the stay, on the ground

OPINION AND ORDER Page 3

that Super Power's failure to commence an arbitration proceeding since entry of the stay constitutes a waiver of Super Power's right to arbitrate any disputes with Baoding. Baoding asserts that unless the stay is lifted, it will have no forum in which to assert claims claims against Super Power for money allegedly due from Super Power. Super Power has filed a motion to dismiss without prejudice the counterclaims it brought against Baoding.

The court denies the motion to lift the stay (doc. # 109) at this time, and denies Super Power's motion to dismiss its claims against Baoding without prejudice (doc. # 115). Baoding, Winbo and Super Power are ordered to refer all their disputes to the Chinese International Economic and Trade Arbitration Commission for arbitration within 30 days of the date of this order. If the parties have not referred their dispute within that time, the court will reconsider a renewed motion from Baoding to lift the stay, and permit Baoding to file its proposed claims against Super Power, if Baoding can explain to the court 1) why those proposed claims should not be dismissed with prejudice for failure to prosecute, and 2) why it should not be compelled to arbitrate those proposed claims. The court will also, at that time, entertain a renewed motion from Super Power to dismiss its counterclaims against Baoding without prejudice, if Super Power can explain to the court why those counterclaims should not be dismissed with prejudice for failure to prosecute.

At the request of the parties, the court will order the parties to attend a mandatory, in-person settlement conference with

OPINION AND ORDER Page 4

a judge of this court if the following conditions are satisfied:

1) within 30 days from entry of this order, each party must file written confirmation that it will send at least one of its officers or employees having full authority to bind that entity to a settlement of all disputes between Baoding, Winbo and Super Power;

2) the confirmation must state that the person attending can settle for any amount of money without the need to call others not in attendance; and

3) the confirmation must contain an agreement that the conference can take place in Eugene or Portland.

4) If Winbo and Super Power do not intend to send separate representatives, they must confirm that their representative can bind both of them to a settlement.

IT IS SO ORDERED.

Dated this 21st day of  January , 2010.

                                             /s/ Dennis James Hubel

                                             Dennis James Hubel
                                       United States Magistrate Judge

OPINION AND ORDER Page 5