1

2

3

4

5

6

7                     IN THE UNITED STATES DISTRICT COURT

8                        FOR THE DISTRICT OF OREGON

9                           PORTLAND DIVISION

10

11  **BAODING TIANWEI GROUP CO.,**
    **LTD.,** a foreign entity,
12                                        No.  CV 07-862-HU
              Plaintiff,
13
        v.                                **OPINION AND**
14                                               **ORDER**
    **PACIFICORP,** an Oregon
15  corporation,

16              Defendant.
    _____
17  **PACIFICORP,** an Oregon
    corporation,
18
        Third Party Plaintiff,
19
        v.
20
    **WINBO INTERNATIONAL**
21  **CORPORATION,** a California
    corporation, and **SUPER**
22  **POWER EQUIPMENT CO.,** a
    California corporation,
23
        Third Party Defendant.
24  _____
    **SUPER POWER EQUIPMENT CO.,**
25  **WINBO INTERNATIONAL**
    **CORPORATION,**
26
        Counterclaimants,
27

28  OPINION AND ORDER Page 1

v.

**BAODING TIANWEI GROUP CO.,**

Counter Defendant.

Renee R. Stineman
John R. Barhoum
Dunn Carney Allen Higgins & Tongue
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204
       Attorneys for Baoding Tianwei Group

R. Scott Douglas
David Ismay
Farella Braun + Martel
235 Montgomery Street, 17th Floor
San Francisco, California 94104

Angela M. Otto
Stewart Sokol & Gray
2300 S.W. First Avenue, Suite 200
Portland, Oregon 97201
       Attorneys for Winbo International, Super Power Equipment

HUBEL, Magistrate Judge:

The matters before the court are plaintiff Baoding Tianwei
Group's (Baoding) renewed motion to lift the stay (doc. # 134) and
third party defendant Super Power Equipment's motions for leave to
file surrebuttal (doc. # 148) and renewed motion to dismiss (doc.
# 151).

Baoding brought this action on June 11, 2007, against
Pacificorp, asserting claims for breach of contract based on
Pacificorp's alleged failure to pay in full for two electrical
transformers purchased from Baoding. On October 19, 2007, the court
granted Pacificorp's motion to join Winbo International Corporation
(Winbo) and Superpower Equipment Company (collectively, Super
Power) as defendants (doc. # 28). On March 14, 2008, Super Power

OPINION AND ORDER Page 2

filed counterclaims against Baoding for breach of contract, contribution, indemnity and declaratory relief. (Doc. # 43). On the same day, Super Power filed a motion to stay and compel arbitration with the China International Economic and Trade Arbitration Commission (CIETAC), pursuant to a written agreement designated as the Supplementary Agreement. (Doc. # 44). On March 28, 2008, Pacificorp filed a motion for summary judgment. (Doc. # 49). On April 10, 2008, while the motion to stay was pending, Baoding filed a reply to Superpower's answer and counterclaims, but did not assert any claims, although it reserved a right to do so. (Doc. # 64).

In an Opinion and Order entered on September 10, 2008, the court granted Pacificorp's motion for summary judgment, holding that Pacificorp had met its obligations to Baoding. (Doc. # 94). In the same Opinion and Order, the court granted Super Power's motion to stay the action and compel arbitration, based on the agreement between Baoding and Super Power to arbitrate the disputes between them by referring such disputes to the Chinese International Economic and Trade Arbitration Commission (CIETAC). Id.

On December 4, 2008, the court entered an order staying Super Power's counterclaims against Baoding, the only claims left in this case, pending arbitration (doc. #98). On January 21, 2010, the court entered an order denying Baoding's motion to lift the stay and denying Super Power's motion to dismiss its counterclaims against Baoding without prejudice. (Doc. # 124). The parties were ordered to initiate arbitration within 30 days. Baoding filed an

OPINION AND ORDER Page 3

application with CIETAC to initiate arbitration. Barhoum Declaration, Exhibit 5. The application was denied. Id. at Exhibit 6.

On April 2, 2010, Baoding filed a renewed motion to lift the stay (doc. # 135). On May 26, 2010, Super Power notified the court that it had filed an arbitration request, which CIETAC had accepted. Notice of Acceptance of Third Party Defendant's Arbitration Demand, Exhibits A, B. Super Power filed a supplemental brief in opposition to Baoding's renewed motion to lift the stay (doc. # 144), asserting that because the parties can now assert their claims in arbitration, Baoding's renewed motion to lift the stay should be denied as moot.

Baoding countered with a reply brief asserting, for the first time in this litigation, that Baoding is not a party to the Supplemental Agreement containing the agreement to arbitrate. Super Power filed a motion requesting leave to file a surrebuttal memorandum (doc. # 148), and the court grants that motion.

Baoding contends that a different corporate entity, Baoding Tianwei Baobian Electric Co., Ltd., (Baobian) entered into the Supplementary Agreement containing the arbitration provision, so that any claims it might assert against Super Power in this case (as yet unidentified by Baoding) are unrelated to the pending arbitration. This argument is unavailing.

As Super Power points out, Baoding has represented to the court on numerous occasions that it is a party to the arbitration provision of the Supplementary Agreement. See, e.g., Baoding's

OPINION AND ORDER Page 4

Memorandum at p. 1-2 (doc. # 17)(Baoding a party to "a certain agreement that contains an arbitration provision"); Baoding Reply Memorandum at p. 1 (doc. # 24)(admission that Baoding "was a party to an arbitration provision with, and did not intend to bring claims against [Super Power]); Baoding's Opposition Memorandum, p. 3 doc. # 55 ("Super Power relies on an arbitration provision in a contract entered into between Baoding and Winbo International on March 29, 2002.")

Further, in its Opinion and Order filed on September 10, 2008 (doc. # 94), the court found that

> on March 29, 2002, Baoding and Winbo International entered into an agreement supplementing the cooperation agreement and the agency agreement (the supplementary agreement), under which it was agreed that if Baoding sold its products directly or indirectly in Winbo International's region without Winbo International's consent, Baoding would be deemed in breach of the contract and would pay a fine of 25% of the total amount of the contract. Johnson Declaration, Exhibit 5; L. Ni Declaration ¶ 3. The supplementary agreement states that it "shall be a part of the original Agreements and shall be of equal legal effect as the original Agreements." The supplementary agreement also provides:

> > In the event of changes in the Companies of both Parties (such as changes to the name or nature of the Company), the foregoing Agreements and this Supplementary Agreement shall automatically be binding upon the new Company without separate execution.

> Johnson Declaration, Exhibit 5 ¶¶ 4, 5.

> The supplementary agreement provides that disputes unresolved through consultations are to be referred to CIETAC, and that the agreement is governed by Chinese law. Id. at ¶ 2.

Opinion and Order (doc. # 94) p. 3-4. The court's conclusion that Baoding, the plaintiff in this case, was a party to the arbitration

OPINION AND ORDER Page 5

provision of the Supplementary Agreement, regardless of changes in company name or nature, is the law of the case. Under that doctrine, the court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir. 1993).

The court has discretion to depart from the law of the case under certain circumstances, such as when the first decision was clearly erroneous, there has been an intervening change in the law, or other changed circumstances exist, see <u>Mendenhall v. Nat'l Transp. Safety Bd.</u>, 213 F.3d 464, 469 (9th Cir. 2000); none of these considerations justifies a departure from the law of the case here.

Super Power has filed a renewed motion to dismiss without prejudice the counterclaims it asserted against Baoding, on the ground that CIETAC's acceptance of the application for arbitration provides access to the agreed-upon forum for resolving those disputes (doc. # 151). Pursuant to Rule 41(c) of the Federal Rules of Civil Procedure, a counterclaimant can voluntarily dismiss its counterclaims at any time before a responsive pleading has been served.

Baoding asserts that if the court permits Super Power to dismiss its counterclaims, the court should "similarly allow the simultaneous filing of Baoding's counterclaims and/or allow Baoding to file its counterclaims before dismissing Super Power's claims." Plaintiff's Response, p. 2. This argument is unpersuasive. Having determined that the claims between Baoding and Super Power are

OPINION AND ORDER Page 6

subject to arbitration with CIETAC, the court declines to permit Baoding to assert new claims in order to maintain an action in this court and avoid arbitration.

## Conclusion

Baoding's renewed motion to lift the stay (doc. # 134) is DENIED. Super Power's Motion for leave to file surrebuttal (doc. # 148) is GRANTED. Super Power's motion to dismiss its counterclaims without prejudice (doc. # 151) is GRANTED.

IT IS SO ORDERED.


Dated this 30th day of September, 2010.

/s/ Dennis J. Hubel

_____

Dennis James Hubel
United States Magistrate Judge

OPINION AND ORDER Page 7