UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| BAODING TIANWEI GROUP CO., LTD., a foreign entity, | ) ) ) | |
| Plaintiff, | ) ) | 03:07-CV-00862-HU |
| v. | ) ) | OPINION AND |
| PACIFICORP, an Oregon corporation | ) ) ) | ORDER |
| Defendant. | ) ) ) | |

PACIFICORP, an Oregon
corporation,

    Third Party Plaintiff,

    v.

WINBO INTERNATIONAL
CORPORATION, a California
corporation, and SUPER
POWER EQUIPMENT CO., a
California corporation,

    Third Party Defendant.

SUPER POWER EQUIPMENT CO.,
WINBO INTERNATIONAL
CORPORATION,

    Counterclaimants,

    v.

OPINION AND ORDER                    1

BAODING TIANWEI GROUP CO.,

　　　Counter Defendant.

Renee R. Stineman
John R. Barhoum
Dunn Carney Allen Higgins & Tongue
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204
　　　Attorneys for Baoding Tianwei Group

R. Scott Douglas
David Ismay
Farella Braun + Martel
235 Montgomery Street, 17th Floor
San Francisco, California 94104

Angela M. Otto
Stewart Sokol & Gray
2300 S.W. First Avenue, Suite 200
Portland, Oregon 97201
　　　Attorneys for Winbo International, Super Power Equipment

HUBEL, Magistrate Judge

## Opinion and Order

This matter comes before the Court on Plaintiff's Motion For An Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1 (doc. #160). The issue presented by this motion is whether the Court should grant a motion for relief from its September 30, 2010, Opinion and Order.  For the reasons set forth below, Plaintiff's motion is DENIED.

## Background

Plaintiff Baoding Tianwei Group Co., Inc. ("Baoding") brought this action on June 11, 2007, against Pacificorp, asserting claims for breach of contract based on Pacificorp's alleged failure to pay in full for two electrical transformers purchased from Baoding.  On October 19, 2007, the court granted Pacificorp's motion to join Winbo International Corporation ("Winbo") and Superpower Equipment Company (collectively "Super Power") as defendants (doc. #28).  On

OPINION AND ORDER　　　　　　　2

March 14, 2008, Super Power filed counterclaims against Baoding for breach of contract, contribution, indemnity, and declaratory relief. (Doc. #43). On the same day, Super Power filed a motion to stay and compel arbitration with the China International Economic and Trade Arbitration Commission ("CIETAC"), pursuant to a written agreement designated as the Supplementary Agreement. (Doc. #44). On March 28, 2008, Pacificorp filed a motion for summary judgment. (Doc. #49). On April 10, 2008, while the motion to stay was pending, Baoding filed a reply to Superpower's answer and counterclaims, but did not assert any claims, although it reserved a right to do so. (Doc. #64).

In an Opinion and Order entered on September 10, 2008, the court granted Pacificorp's motion for summary judgment, holding that Pacificorp had met its obligations to Baoding. (Doc. #94). In the same Opinion and Order, the court granted Super Power's motion to stay the action and compel arbitration, based on the agreement between Baoding and Super Power to arbitrate the disputes between them by referring such disputes to the CIETAC. (*Id.*)

On December 4, 2008, the court entered an order staying Super Power's counterclaims against Baoding, the only claims left in this case, pending arbitration. (Doc. #98). On January 21, 2010, the court entered an order denying Baoding's motion to lift the stay and denying Super Power's motion to dismiss its counterclaims against Baoding without prejudice. (Doc. #124). The parties were ordered to initiate arbitration within 30 days. Baoding filed an application with CIETAC to initiate arbitration on February 2, 2010. (Barhoum Decl. Ex. 6.) The application was denied on February 11, 2010. (*Id.* at Ex. 6.)

OPINION AND ORDER                    3

On April 2, 2010, Baoding filed a renewed motion to lift the stay (doc. #135).  On May 26, 2010, Super Power notified the court that it had filed an arbitration request, which CIETAC had accepted. (Notice Acceptance Third Party Def.'s Arbitration Demand Ex. A and B.)  Super Power filed a supplemental brief in opposition to Baoding's renewed motion to lift the stay (doc. #144), asserting that because the parties can now assert their claims in arbitration, Baoding's renewed motion to lift the stay should be denied as moot.  Baoding countered with a reply brief asserting, for the first time in this litigation, that Baoding is not a party to the Supplemental Agreement containing the agreement to arbitrate.  Super Power filed a motion requesting leave to file a surrebuttal memorandum (doc. #148), and the court granted that motion.

Baoding argued that a different corporate entity, Baoding Tianwei Baobian Electric Co., Ltd., (hereinafter "Baobian") entered into the Supplementary Agreement containing the arbitration provision and any claims Baoding asserted against Super Power were unrelated to the pending arbitration.  In its September 30, 2010, Opinion and Order (doc. #154) the Court found Baoding's arguments unavailing since Baoding had represented to the court on numerous occasions that it was a party to the arbitration provision in the Supplementary Agreement.  Thus, that opinion concluded that Baoding was bound by the arbitration provision in the Supplementary Agreement, regardless of changes in the company name or nature, since it is the law of the case and departure was not warranted.

Super Power had also filed a renewed motion to dismiss without prejudice the counterclaims it asserted against Baoding, on the

OPINION AND ORDER          4

ground that CIETAC's acceptance of the application for arbitration provides access to the agreed-upon forum for resolving those disputes. (Doc. # 151.) Baoding argued that if the court were to permit Super Power to dismiss its counterclaims, the court should also allow the filing of Baoding's counterclaims and/ or allow Baoding to file its counterclaims before dismissing Super Power's claims. The Court determined that the claims between Baoding and Super Power were subject to arbitration with CIETAC, therefore, Baoding was not permitted to assert new claims in order to maintain an action in district court and avoid arbitration. (Doc. #154.) Super Power's motion to dismiss its counterclaims without prejudice was granted. (*Id*.)

On March 24, 2011, Baoding filed its motion for an indicative ruling. (Doc. #160) The issue presented by this motion is whether the Court should grant a motion for relief from its September 30, 2010, Opinion and Order. Super Power filed its opposition to Baoding's motion (doc. #164) on April 11, 2011.

## Legal Standard

As the parties acknowledge, this court lacks jurisdiction to modify, correct, or clarify its previous judgment while the case is on appeal. *See Sierra Pac. Power v. Hartford*, No. CV-00034, 2011 WL 586417, at *2 (D. Nev. Feb. 8, 2011). Federal Rule of Civil Procedure ("Rule") 62.1(a) pertains to relief pending appeal and provides that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) *state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue*.

OPINION AND ORDER            5

FED. R. CIV. P. 62.1(a) (emphasis added). Rule 62.1 adopts the same procedure that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. FED. R. CIV. P. 62.1(a) advisory committee's notes. Thus, a motion for an indicative ruling can essentially be construed as a motion for relief under Rule 60(b). *See id.*; *Ray v. Pinnacle Health Hosp., Inc.,* Nos. 09-4508, 10-3571, 2010 WL 4704455, at *8 n.3 (3d Cir. Nov. 22, 2010).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b) (emphasis in the original).

## Discussion

Baoding contends that the Court should grant relief from its September 30, 2010, Opinion and Order ("the Order") because they cannot arbitrate their claims in China, which Baoding believes indicates "the circumstances justifying the Order have changed and relief from the Order is now warranted." (Pl.'s Mem. Supp. Mot. (doc. #161) at 6.) Specifically, Baoding wants the Court to lift

OPINION AND ORDER                6

1  the stay and allow its claims to proceed in the district court.

2  (*Id.*)  Baoding argues that they complied with the Order and

3  attempted to initiate arbitration of its claims.  (*Id.* at 7.)

4  However, their applications were denied on both occasions. (*Id.*)

5  Thus, Baoding believes if the Court doesn't grant relief from the

6  Order and allow them to assert its claims in district court, then

7  they will be left without any recourse for the $6 million dollars

8  they are allegedly owed. (*Id.*)

9       Super Power counters by arguing that, "[h]aving been directed

10 to finally and honestly submit its claims to arbitration before the

11 [CIETAC], Baoding . . . returns yet again to this Court as part of

12 what appears to be a sustained effort to avoid arbitration."

13 (Third-Party Def.'s Opp'n (doc. #164) at 2.)  Super Power argues

14 that Baoding has presented no evidence of new facts or changed

15 circumstances.  (*Id.*)   In fact, Super Power claims that the

16 evidence provided by Baoding "suggests it is still trying to game

17 the system."  (*Id.*)  Specifically, Super Power believes CIETAC's

18 rejection notice suggest that Baoding failed to provide CIETAC with

19 the proper information it would need to conclude that Baoding's

20 claims against them must be arbitrated.  (*Id.* at 2-3.)

21      Super Power goes on to state that, "[i]t strains credulity to

22 believe that CIETAC would have issued its latest rejection notice

23 if Baoding had affirmatively represented to CIETAC that it was a

24 signatory to the Supplemental Agreement . . . which plainly

25 requires arbitration in China."  (*Id.* at 3.)  Super Power then

26 compares Baoding to "the boy who cried wolf" since they seek relief

27 from the Order, "again suggesting that CIETAC has definitely

28 'ruled' that Baoding's claims are not arbitrable."  (*Id.* at 6.)

OPINION AND ORDER              7

1    I find Baoding's arguments unavailing since the district court
2  is not the only venue to seek recourse and Baoding's claims are
3  arbitrable.  In the September 10, 2008, Opinion and Order I made
4  clear the parties are bound by a valid arbitration provision in the
5  Supplementary Agreement.[1]  Baoding had attempted to argue that
6  Super Power is a stranger to the contracts between Winbo and
7  Baoding due to a name change, however, that argument was rejected
8  based, most notably, on the record demonstrating that Baoding was
9  informed of the name change and received payments under the
10 purchase contracts from Super Power.

11    Baoding then, despite contrary admissions to the court,
12 attempted to argue that they were not a party to the Supplementary
13 Agreement. (Doc. #145).  Baoding argued that a different corporate
14 entity, Baobian, entered into the Supplementary Agreement,
15 therefore, Baoding was not bound by the arbitration provision.
16 However, I rejected this argument because Baoding had represented
17 on numerous times that it was a party to the arbitration provision
18 in the Supplementary Agreement.  (*See* doc. #154 at 4-5.)

19    On May 26, 2010, Super Power notified the court that CIETAC
20 had accepted its arbitration request pursuant to the Supplementary
21 Agreement.  On November 5, 2010, however, Baoding petitioned the
22 CIETAC to join "its claims" in the arbitration proceeding under the
23 Supplementary Agreement.  (*See* Doc. #162 Ex. 2 at 1.)  On November
24 23, 2010, Baoding's petition was denied because CIETAC determined
25 that:

26
27
28    [1] The parties often refer to this agreement as the Supplemental
   Agreement, rather than the Supplementary Agreement.

OPINION AND ORDER                    8

1
2
3
4
5
6

> Considering Contract Win003/02-03 and Contract Win004/02-03 signed by your company and the Claimants are different from the disputed contracts in this Arbitration, no evidence shows that these two contracts are relevant to the dispute under this Arbitration and the contractual parties under th[ese] Contracts are different from the contractual parties of the agreements in connection with this Arbitration[.] After reviewing and consulting with the Commission, the arbitral tribunal from the Trade Arbitration Commission has made a decision of not granting your request for this Arbitration.

7  (Decl. Xiao Hui Chen (doc. #162) Ex. 2 at 1.)

8     On February 28, 2011, Super Power submitted a Petition for
9  Withdrawal to the CIETAC, which provides:

10
11
12
13
14
15
16
17
18
19

> The case number x20100240 was handled by the CIETAC which is about disputes relating to [the] Cooperation Agreement and Agency Agreement regarding the Phase Modulation Transformer. On December 20th, 201[0] and January 5th, 2011, the Petitioner, Winbo International Corp. requested twice for an extension for submitting evidence to the CIETAC due to [the] extensive burden of proof to submit, additionally, the Holiday weeks of Christmas and New Year's are approaching soon, [so] it would be difficult for us to work on collecting the evidence. To Petitioner's greatest regrets, the CIETAC has not been taking any necessary consideration and understanding towards the Petitioner's adequate requests, and denied the Petitioner's extension requests. As a result, the Petitioner was unable to express the Petitioner's viewpoint sufficiently. In order to exercise the legitimate rights as a Petitioner, the Petitioner hereby petitions for withdrawal of the Petitioner's arbitration request. Please grant the related proceeding towards this withdrawal.

20
21
22
23
24

> The Petitioner hereby states that the Petitioner's action of withdrawal would not damnify the Petitioner's litigation rights based upon relevant laws and contracts. We reserve all rights to request arbitration again from the CIETAC with the same facts and reasons against, the Respondent, Baoding Tianwei Baobian Transformer Electric Limited Liability Company.

(Doc. #162 Ex. 2 at 2.)

25
26
27
28

    The parties representations and my subsequent orders make clear that there is no distinction between Baoding and Baobian nor between Super Power and Winbo. In fact, Baoding's own

OPINION AND ORDER            9

representations confirm as much. For instance, as the September 30, 2010, Opinion and Order stated:

> **Baoding has represented to the court on numerous occasions that it is a party to the arbitration provision in the Supplementary Agreement.** See, e.g., Baoding's Memorandum at p. 1-2 (doc. #17) (Baoding a party to "a certain agreement that contains an arbitration provision"); Baoding Reply Memorandum at p. 1 (doc. #24) (admission that Baoding "was a party to an arbitration provision with, and did not intend to bring claims against Super Power").

(Doc. #154 at 4-5) (emphasis added). Moreover, in Plaintiff's Opposition To Super Power's Petition To Compel Arbitration (doc. #55), Baoding unequivocally stated that:

> **Super Power relies on an arbitration provision in a contract entered into between Baoding and Winbo** International on March 29, 2002. **That Agreement provides:**
>       Baoding Tianwei **Baobian** Electric Co., (hereinafter referred to as "BTW") **and Winbo** Internal Corp. (hereinafter referred to as "WINBO") **have**, through friendly consultations, **reached a supplementary agreement....**

(Doc. #55 at 3) (emphasis added). As I previously referenced, Baoding was aware of Winbo's name change to Super Power. Thus, the Supplementary Agreement is obviously binding on Baoding and Super Power because they are the signatories despite its reference to Baobian and Winbo.

However, Baoding's second petition[2] to the CIETAC is misleading on this point and contrary to Baoding's contention that its "petition to join the arbitration was accurate and appropriate." (Pl.'s Reply (doc. #165) at 4.) For example, the

---

[2] Baoding appears to have submitted the court's September 10, 2008, and September 30, 2010, Opinion and Order with its application to the CIETAC. (See Supp. Decl. Xiao Hui Chen Ex. 2.) However, this doesn't alter the fact Baoding's application, which describes the court's rulings, was misleading.

second petition initially defines Baoding as "the Company" and Baobian as "Respondent." (Supp. Decl. Xiao Hui Chen Ex. 2 at 1.) Baoding goes on to inform the CIETAC that on October 22, 2010, "[R]espondent's attorney" in the United States recommended that "the Company" should file a petition immediately to be added in arbitration under the Supplementary Agreement. (*Id.* at 2.) After reviewing the October 22, 2010, correspondence, however, the aforementioned "Respondent's attorney" is, in fact, John Barhoum, who represents Baoding ["the Company"] in this case. (*Id.* at 42-43.) The impression created is that Baoding and Baobian are two separate and distinct companies dealing with one another through their separate counsel. This was an erroneous impression to create.

In short, I find the second petition was ambiguously drafted by Baoding because separately defining itself as "the Company" and Baobian as "Respondent" was contrary to this court's ruling and contrary to their own representations. The second petition is riddled with examples of Baoding's efforts to distinguish itself from Baobian, which likely mislead the CIETAC. Nevertheless, the parties overlook the fact that filing a second petition was completely unnecessary given the CIETAC's acceptance of Super Power's petition pursuant to the Supplementary Agreement.

Here, Baoding contends that "its claims" against Super Power arise solely out of two contracts, Win003/02-03 and Win004/02-03.[3] (Pl.'s Reply (doc. #165) at 5.) The court disagrees. The

---

[3] Baoding refers to these contracts as the "August contract" and the "October contract," respectively. (*See* Pl.'s Mem. Supp. Mot. (doc. #161) at 3.)

OPINION AND ORDER            11

Supplementary Agreement, as its name suggests, supplements the Cooperation Agreement and the Agency Agreement. The Agency Agreement named Super Power as Baoding's exclusive agent in the United States for the supply and sale of electrical transformers manufactured by Baoding. Section 4 of the Agency Agreement defines Super Power's Powers, Responsibilities and Obligations. (Doc. #52 Ex. C at 1.) One of Super Power's defined responsibilities is to "Assist in Collecting Contracted Payment." (*Id.* at 2.) Specifically, section 4.7 of the Agency Agreement provides that Super Power "shall be responsible for investigating users' credit standings and assist [Baoding] in collecting contracted payment as scheduled and in full." (*Id.*)

This litigation arose out of a series of transactions entered into between Baoding, Super Power, and Pacificorp. Baoding had entered into two purchase contracts with Pacificorp for the manufacture and delivery of several electrical transformers. Super Power, as required by the purchase contracts and section 4.7 of the Agency Agreement, negotiated and issued the letters of credit. (Doc. #94 at 7.) It was also understood by all parties to the purchase contracts that Pacificorp would remit payment to Super Power and Super Power would remit payment to Baoding, *i.e.*, Super Power was *collecting payment* as Baoding's agent. (Doc. #94 at 6; Pl.'s Mem. Supp. Mot. (doc. #161) at 3.)

In connection with the two purchase contracts, Baoding and Super Power entered into two additional contracts, Win003/02-03 and Win004/02-03, which each related to one of the purchase contracts. Win003/02-03 required Super Power to remit payment to Baoding

OPINION AND ORDER              12

1    within 75 days of receipt of payment from Pacificorp.  Win003/02-03

2    contained an  arbitration provision that provided:

> Any dispute arising under or in connection with this
> contract, the parties shall attempt in the first instance
> to resolve such dispute through friendly consultations.
> If the dispute is not resolved in the manner within
> forty-five (45) days after the commencement of
> discussion, then the dispute shall be referred [to]
> arbitration in, China.

7    (Johnson Decl. (doc. #52) Ex. 7 at 2.)  Baoding attempted to

8    initiate arbitration pursuant to this provision, however, the

9    CIETAC denied their application since the provision only referenced

10   China and did not specify CIETAC as the specific arbitration agent.

11   (Pl.'s Mem. Supp. Mot. (doc. #161) at 3 ; Supp. Decl. Xiao Hui Chen

12   Ex. 2 at 44.)  Win004/02-03, on the other hand, required Super

13   Power to remit payment within 15 days and contained no arbitration

14   provision.

15       Baoding attempts to have the court construe "its claims" in a

16   vacuum by arguing that the alleged breach of contract and unjust

17   enrichment arises solely out of Win003/02-03 and Win004/02-03.  The

18   relationship between this litigation and the Supplementary

19   Agreement is undeniable, however.  Although Win003/02-03 and

20   Win004/02-03 specified an exact time to remit payment, the

21   Supplementary Agreement is the overarching contract that requires

22   Super Power to collect payment as Baoding's agent.  Win003/02-03

23   and Win004/02-03 refine the details of performance of the

24   Supplementary Agreement.

25       Moreover, even assuming, *arguendo*, Baoding's second petition

26   was necessary, the CIETAC's denial doesn't preclude its claims from

27   being arbitrable.  The CIETAC indicated the contractual parties

28   under Win003/02-03 and Win004/02-03 are different from the

OPINION AND ORDER          13

contractual parties under the Supplementary Agreement. However, this conclusion was likely based, at least in part, on Baoding's efforts to distinguish themselves from Baobian in the second petition. In addition, the CIETAC indicated that "no evidence" shows Win003/02-03 and Win004/02-03 are relevant to the dispute under the Supplementary Agreement. While the CIETAC's conclusion is erroneous, I cannot see how the CIETAC could draw the correct conclusion given the fact Baoding submitted an insufficient and misleading petition and Super Power seems to have presented no evidence to the CIETAC thereby acquiescing in this incorrect impression.

In sum, although the second petition was misleading, the arbitration accepted pursuant to the Supplementary Agreement is sufficient to address and resolve the disputes between them. Super Power is therefore ordered to re-institute the arbitration proceedings pursuant to the Supplementary Agreement. If, by chance, that petition is not accepted by the CIETAC, the court will reconsider a renewed motion from Baoding to lift the stay, and permit Baoding to file its proposed claims. To be clear, having an arbitration petition accepted by the CIETAC, failing to present the claims and defenses in good faith, voluntarily dismissing the arbitration, or allowing it to be dismissed without vigorous, accurate presentation of the facts does not constitute "arbitrating the claims." Both parties are ordered to make a good faith effort at arbitration. I will not entertain any further dilatory tactics from the parties, especially if I perceive those tactics as intentionally disobeying the court's orders. Failure to so proceed by Baoding may be deemed waiver of its claims. Failure by Super

OPINION AND ORDER                14

Power may result in the stay to enforce the arbitration agreement being dissolved.

**Conclusion**

For the reasons stated above, Baoding's motion for an indicative ruling (doc. #160) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of June, 2011.

/s/ Dennis J. Hubel

_____
                    Dennis James Hubel
                    Unites States Magistrate Judge

OPINION AND ORDER                    15