UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BAODING TIANWEI GROUP CO., LTD, a foreign entity,<br><br>       Plaintiff,<br><br>   v.<br><br>PACIFICORP, an Oregon corporation,<br><br>       Defendant. | No. 3:07-cv-00862-HU<br><br>**OPINION AND ORDER** |

PACIFICORP, an Oregon corporation,

       Third-Party Plaintiff,

   v.

WINBO INTERNATIONAL CORP., a California corporation; SUPER POWER EQUIPMENT CO., a California corporation,

       Third-Party Defendants.

SUPER POWER EQUIPMENT CO., a California Corporation,

       Counter-Claimant

   v.

BAODING TIANWEI GROUP CO., LTD, a foreign entity,

       Counter-Defendant.

Page 1 - OPINION AND ORDER

HUBEL, Magistrate Judge:

This matter comes before the Court on Plaintiff Baoding Tianwei Group Co. Ltd.'s ("Plaintiff") motion (Docket No. 213) for default judgment against Third-Party Defendants Winbo International Corp. and Super Power Equipment Co. (collectively, "the Third-Party Defendants") on Plaintiff's second amended counterclaims.

Under Federal Rule of Civil Procedure ("Rule") 55(b), the court may enter default judgment against defendants who have failed to plead or otherwise defend an action. The "court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing the *Eitel* factors, "all factual allegations in the complaint are taken as true, except those with regard to damages." *Ortega v. Griggs & Assocs., LLC*, No. 5:11-cv-02235, 2012 WL 2913202, at *2 (N.D. Cal. July 13, 2012).

Having considered the extensive briefing submitted by Plaintiff, as well as live testimony during a prima facie hearing held on April 16, 2014, the Court concludes that the *Eitel* factors weigh in favor of entering default judgment against the Third-Party Defendants. Accordingly, the Court GRANTS Plaintiff's motion (Docket No. 213) for default judgment. Plaintiff is awarded: (1) the total principal amount of $7,460,669.87; (2) pre-judgment

interest in the principal amount of $6,784,127.62 through May 9, 2014, plus daily interest of $1,839.62 from and including May 10, 2014 until the judgment is entered; (3) post-judgment interest on all amounts owed, pursuant to 28 U.S.C. § 1961, until paid in full; and (4) Plaintiff's costs and disbursements incurred herein, pursuant to 28 U.S.C. § 1920.

IT IS SO ORDERED.

Dated this  26th  day of September, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge